22169

John Allen HAYDEN, Petitioner, v. STATE of South Carolina, Respondent.
(322 S. E. (2d) 14)

Supreme Court

*Asst. Appellate Defender Daniel T. Stacey,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Donald J. Zelenka* and *Staff Atty. Sally M. Rentiers,* Columbia, *for respondent.*

Submitted July 26, 1984.

Decided Oct. 11, 1984.

*Per Curiam:*

The petitioner plead guilty to armed robbery and grand larceny. He was sentenced to twenty-five (25) years on the armed robbery charge and ten (10) years on the grand larceny charge.

After a hearing on his application for post-conviction relief, the lower court vacated the conviction and sentence for grand larceny. We issued a writ of certiorari to consider whether the petitioner is entitled to further relief because the judge at his criminal trial considered his prior adjudication as a juvenile delinquent at sentencing.

The petitioner asserts that under S. C. Code Ann. § 20-7-780 (Supp. 1983) his prior juvenile adjudication for grand larceny was confidential and could not be disclosed without the consent of the family court judge. Therefore, he argues that the sentencing judge should not have considered the adjudication without a showing that the family court judge had consented to the disclosure of the adjudication.

At sentencing, a judge has an obligation to consider information material to punishment. *State v. Sullivan,* 267 S. C. 610, 230 S. E. (2d) 621 (1976). A sentencing judge "may appropriately conduct an inquiry broad in scope, largely unlimited as to either the kind of information he may consider, or the source from which it may come." *United States v. Tucker,* 404 U. S. 443, 92 S. Ct. 589, 30 L. Ed. (2d) 592 (1972); *State v. Franklin,* 267 S. C. 240, 226 S. E. (2d) 896 (1976). Clearly, petitioner's prior adjudication as a delinquent is a fact material to punishment.

The purpose of § 20-7-780 is to give a juvenile delinquent who responds to rehabilitation a "fresh start."

Once a person stands convicted of a crime before the circuit court, the materiality of a prior juvenile adjudication for assessing an appropriate sentence far outweighs any possible rehabilitative purpose which could be served by maintaining the confidentiality of the adjudication.

We hold that § 20-7-780 does not require a circuit court judge to obtain the permission of the family court before considering a juvenile adjudication at sentencing. Therefore, the lower court's denial of post-conviction relief regarding petitioner's armed robbery conviction is

Affirmed.