24221

The STATE, Respondent v. Marie WILLOCK, Appellant.

(456 S.E. (2d) 916)

*Leslie M. Coggiola,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Sr. Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Asst. Atty. Gen. Miller W. Shealy, Jr.,* and *Sol. Richard A. Harpootlian,* Columbia, *for respondent.*

Heard Oct. 19, 1994.

Decided Apr. 3, 1995.

CHANDLER, Chief Justice:

Marie Willock (Mother) appeals a Family Court Order requiring that she pay child support for her minor child (Child) who had been committed to the custody of the South Carolina Department of Youth Services (DYS).[1] The Action was instituted by the Solicitor for the Fifth Judicial Circuit (Solicitor) on behalf of the State.

## FACTS

Child is sixteen years old with severe behavioral problems. Mother has sought treatment for him at various hospitals, mental health clinics, and special educational programs. All efforts have been futile. There are no allegations that Mother has ever abused or neglected her son, nor has she aided or condoned his illegal actions.

---

[1] As of July 1, 1993, the Department of Youth Services is to be known as the "Department of Juvenile Justice." S.C. Code Ann. § 20-7-3100 (Supp. 1993).

Following his plea to third-degree burglary, grand larceny and attempted second-degree burglary, Child was committed to the custody of DYS for an indeterminate period not to exceed his twenty-first birthday. Family Court ordered that Mother pay child support to DYS until his discharge. Mother appeals.

## ISSUE

Does Family Court have the authority to issue an Order requiring a parent to pay child support when the minor child is committed to the DYS?

## DISCUSSION

We hold that there is no statutory authority permitting the Family Court to order a parent to pay child support when the child is committed to DYS.

S.C. Code Ann. § 20-7-1340 (1985) provides:

**Payment for support or treatment of child.**

Whenever a child is committed by the court to custody other than that of his parents, or is given medical, psychological or psychiatric treatment under order of the court, **and no provision is otherwise made by law for the support of such child** or payment for such treatment, compensation for the care and treatment of such child, when approved by order of the court, shall be subject to whatever provision may be made (for the financing of indigents) by the county where such child is a resident. The court may, after giving the parent a reasonable opportunity to be heard, order and decree that such parent shall pay, in a manner as the court may direct, such sum within his ability to pay as to cover in whole or in part the support and treatment of such child. If the parent shall willfully fail or refuse to pay such sum, the court may proceed against him or her for contempt. (Emphasis supplied.)

S.C. Code Ann. § 20-7-2180 (1985) provides:

**Board to have exclusive responsibility for child committed to its custody.**

From the time of lawful reception of any child by the Board of Youth Services and during his stay in custody in a correctional institution operated by the Department, he shall be under the exclusive care, custody and control of the Board. **All expenses shall be borne by the State.** (Emphasis supplied.)

Section 20-7-2175 (1985) provides:

**Transport of child to custody of Board; expense of conveyance.**

Any child committed under the terms of this article shall be conveyed by the sheriff, deputy sheriff or persons appointed by the sheriff of the county in which such child resides, to the custody of the Board, **and the expense of such conveyance and delivery shall be borne by such county.** The committing judge may, in his discretion, order that such child be transferred to the custody of the board without the attendance of an officer or in such manner as may be advisable. (Emphasis supplied.)

It is well settled that, in interpreting a statute, this Court's primary purpose is to ascertain the intent of the legislature. *Browning v. Hartvigsen,* 307 S.C. 122, 414 S.E. (2d) 115 (1992). "A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers." 307 S.C. at 125, 414 S.E. (2d) at 117. Moreover, an entire code section should be read as a whole so that phraseology of an isolated section is not controlling. *City of Columbia v. Niagara Fire Insurance Company,* 249 S.C. 388, 154 S.E. (2d) 674 (1967).

When the Children's Code[2] is viewed in its entirety, we find no legislative intent authorizing the Family Court to order general support payments by a parent upon the child's commitment to DYS. Rather, the code explicitly provides that State shall pay all expenses while the child is in DYS's custody, except those costs associated with the delivery of the child to the sheriff. We disagree with State's contention that payment of support is authorized by the general provisions of S.C. Code Ann. § 20-7-1330 (1985).

---

[2] S.C. Code Ann. § 20-7-10, *et seq.* (1985).

Given our holding of no statutory authority for the Family Court to order support payments, we do not address the remaining issues.

The Order of the Family Court is reversed.

Reversed.

FINNEY, TOAL, MOORE and WALLER, JJ., concur.