540 S.E.2d 99

**The STATE, Respondent,**

v.

**Tamika GROOMS, Appellant.**

**No. 25211.**

Supreme Court of South Carolina.

Heard Oct. 17, 2000.

Decided Nov. 7, 2000.

Assistant Appellate Defender Robert M. Dudek, of South Carolina Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan; and Solicitor Warren B. Giese, all of Columbia, for respondent.

BURNETT, Justice:

This case concerns the burden of proof by which a defendant must establish a "credible history of criminal domestic violence" in order to obtain the earlier parole eligibility date provided by South Carolina Code Ann. § 16–25–90 (Supp. 1999). We affirm the trial court.

## FACTS

Appellant was indicted for the murder of her live-in boyfriend, Stephon George (George or the decedent). She pled guilty to voluntary manslaughter. After the trial judge accepted her plea,[1] appellant offered evidence of a history of criminal domestic violence against her by the decedent pursuant to § 16–25–90.[2] Under this statute, a defendant is parole eligible after service of one-fourth of her prison term if she presents "credible evidence of a history criminal domestic violence ... suffered [by her] at the hands of the [victim]."[3]

After reciting the statute, the trial judge ruled as follows:

---

1. According to the solicitor, appellant shot George twice in the head at close range while he slept. She wrapped his body in a blanket and kept it at their home for six days before reporting his death to a friend. Appellant held the police at gunpoint for three hours before appellant's sister talked appellant into surrendering. Appellant's counsel agreed to the facts as stated by the solicitor.

2. Appellant's evidence consisted of her own testimony and testimony from a psychiatrist, an investigator, and her sister's guardian ad litem. The solicitor also presented testimony from the decedent's wife, the decedent's sister, and a police investigator.

3. Without application of § 16–25–90, appellant was parole eligible after serving eighty-five percent of her thirty year sentence. S.C.Code Ann. § 24–13–150(A) (Supp.1999).

... considering the totality of the evidence that has been received in this case, I find and conclude that the defendant in this instance has not presented—has not presented credible evidence of a history of physical harm that's been substantiated or documented pursuant to the definitions required from these two code sections I mentioned.

Sitting as trier of fact, it's my job to determine the believability as well as the credibility of the witnesses who have been sworn and testified. I've taken all this into account. I have watched the witnesses, how they acted on the stand, their demeanor, and I've taken into account all the bias and prejudice which a trier of fact has to take into account under the burden that I find should be used in this case by the greater weight or preponderance of the evidence.

As far as one can determine, the [sic] credible means believable and the standard should be by the greater weight or the preponderance of the evidence. That's the only standard I've ever seen in hearings of these types required of a defendant. The burden is on the defendant.

And I find that the defendant has failed to meet her burden. There is no indication that there's been a history of physical harm that's been substantiated and documented, but it goes much further beyond there. If the court were to rule otherwise, then anyone can say at any time without corroboration that such and so happened at such and such a time and although I don't specifically find that any—any and all instances of alleged physical abuse has [sic] to be corroborated, but I base my decision on the believability and credibility of the witnesses that have testified and taken into account the bias, interest and prejudice of the witnesses who have testified.

And on this basis, considering the totality of the evidence I've heard and received in this case, I find that the defendant has failed to meet that burden.

The trial judge sentenced appellant to thirty years imprisonment.

## ISSUE

Did the trial judge err by holding § 16–25–90 requires the defendant to prove by a preponderance of the evidence that

she suffered a history of criminal domestic violence at the hands of her victim?

## DISCUSSION

Appellant asserts § 16–25–90 only requires her to produce what she deems is credible evidence of a history of criminal domestic violence, but that it does not require her to persuade the trial judge by a preponderance of the evidence that her evidence is credible. We disagree.

In relevant part, § 16–25–90 provides:

> Notwithstanding ... any other provision of law, an inmate who ... pled guilty ... to an offense against a household member shall be eligible for parole after serving one-fourth of his prison term when the inmate at the time he pled guilty to ... an offense against the household member, ... presented credible evidence of a history of criminal domestic violence, as provided in Section 16–25–20, suffered at the hands of the household member....

Section 16–25–20 (Supp.1999) states: "[i]t is unlawful to: (1) cause physical harm or injury to a person's own household member, (2) offer or attempt to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." "Household member" includes "a male and female who are cohabiting." § 16–25–10 (Supp.1999).

In interpreting a statute, the Court's primary purpose is to ascertain and effectuate the actual intent of the legislature. *Mid–State Auto Auction of Lexington v. Altman,* 324 S.C. 65, 476 S.E.2d 690 (1996); *State v. Willock,* 318 S.C. 237, 456 S.E.2d 916 (1995). In construing a statute, its words must be given their plain and ordinary meaning without resort to subtle or forced construction to limit or expand the statute's operation. *Rowe v. Hyatt,* 321 S.C. 366, 468 S.E.2d 649 (1996).

"Credible evidence" is defined as "[e]vidence that is worthy of belief; trustworthy evidence." *Black's Law Dictionary* 577 (7th ed. 1999). "Trustworthy" is defined as "worthy of trust;

dependable; reliable." *Webster's New World College Dictionary* 1436 (3rd ed. 1997).[4]

Contrary to appellant's argument, § 16-25-90 requires the defendant to do more than produce evidence of a history of criminal domestic violence which she believes is credible. Use of the term "credible evidence" indicates the legislature intended the defendant's evidence to be, in fact, trustworthy, not simply plausible. *Rowe v. Hyatt, supra* (statute's words must be given their plain meaning without resort to subtle construction to limit the statute's operation). Accordingly, the defendant must do more than simply present evidence; she must persuade the trial judge her evidence is reliable.

■ Moreover, we find the legislature did not intend the mere production of evidence to automatically result in earlier parole eligibility. If that were the case, as appellant suggests, then all individuals who are convicted of an offense against household members would be eligible for parole after service of one-fourth of their prison term simply by testifying they suffered a history of criminal domestic violence at the hands of their own victims. Instead, by enacting § 16-25-90, the legislature intended a defendant who presents credible evidence of a history of criminal domestic violence at the hands of her victim, as found by the trial judge, to be eligible for parole after service of one-fourth of her prison term. *Mid-State Auto Auction of Lexington v. Altman, supra* (Court's primary purpose is to effectuate actual intent of legislature).

■ While traditionally "[s]entencing courts have ... heard evidence and found facts without any prescribed burden of proof at all," the United States Supreme Court has approved the use of the preponderance of evidence burden in determining whether a particular sentencing factor exists.[5] *McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).[6] The Supreme Court has also determined no

---

4. Appellant offers no definition of "credible evidence."

5. "The most acceptable meaning to be given to the expression, proof by a preponderance, seems to be proof which leads the [trier of fact] to find that the existence of the contested fact is more probable than its nonexistence." 2 *McCormick on Evidence* § 339 (5th ed. 1999).

6. Recently, the United States Supreme Court held any fact, other than a prior conviction, which increases the maximum penalty for a crime

constitutional violation occurs where a statute requires a defendant to establish, by a preponderance of the evidence, the existence of mitigating circumstances at sentencing. *Walton v. Arizona*, 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990) (plurality); *see also United States v. Urrego–Linares*, 879 F.2d 1234 (4th Cir.1989) (in applying federal sentencing guidelines, defendant has the burden of establishing by a preponderance of the evidence the applicability of any mitigating factors to lower the sentencing range) *but see United States v. Hopper*, 177 F.3d 824 (9th Cir.1999) (seven-level upward sentence adjustment requires prosecution prove its allegations by clear and convincing standard, not by usual preponderance of evidence). Because the existence of a history of criminal domestic violence at the hands of the victim is a statutory factor which may affect the length of a sentence, we conclude the trial judge did not err in applying the preponderance of evidence burden of proof. *See State v. Payne*, 332 S.C. 266, 504 S.E.2d 335 (Ct.App.1998) (where State seeks to enhance defendant's sentence based on a prior conviction, once State proves existence of prior conviction defendant has burden of proving prior conviction is constitutionally defective or otherwise invalid by preponderance of the evidence).

 Finally, we note appellant states it is inappropriate to apply the preponderance of evidence standard to § 16–25–90 because then defendants are held to the same burden of proof as if they claimed self-defense at trial. ·This is incorrect. A defendant is not required to establish self-defense by a preponderance of the evidence; instead, the defendant must only produce evidence which causes the jury to have a reasonable doubt as to his guilt. *State v. Bellamy*, 293 S.C. 103, 105, 359 S.E.2d 63, 64 (1987), *overruled on other grounds State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991). In any event, even though the accused has no burden of proof at trial, her constitutional rights are not violated by imposing upon her the

---

must be charged in an indictment, submitted to a jury, and proved beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because the maximum penalty for voluntary manslaughter is not increased by § 16–25–90, *Apprendi* is inapplicable.

burden of proving circumstances in favor of mitigation at sentencing. *Walton, supra.*[7]

**AFFIRMED.**

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.

---

7. *But see State v. Patrick,* 289 S.C. 301, 345 S.E.2d 481 (1986), *overruled on other grounds Brightman v. State,* 336 S.C. 348, 520 S.E.2d 614 (1999) and *Casey v. State,* 305 S.C. 445, 409 S.E.2d 391 (1991) (in South Carolina, there is no articulated burden of proof placed on a capital defendant to prove statutory mitigating circumstances).