684 S.E.2d 208

The STATE, Respondent,

v.

Nearin G. BLACKWELL–SELIM, Appellant.

No. 4619.

Court of Appeals of South Carolina.

Submitted June 1, 2009.

Decided Sept. 15, 2009.

Rehearing Denied Oct. 22, 2009.

Appellate Defender M. Celia Robinson, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General, John W. McIntosh, Assistant Deputy Attorney General, Salley W. Elliott, Assistant Attorney General, Christina J. Catoe, all of Columbia; John Gregory Hembree, of Conway, for Respondent.

THOMAS, J.

Nearin Blackwell–Selim (Appellant), pled guilty to voluntary manslaughter after stabbing her common-law husband to death in 2005. She appeals her sentence, alleging the trial

court erred in making no finding of early parole eligibility under section 16–25–90 of the South Carolina Code (Supp. 2008). We affirm.[1]

## FACTS

Appellant and Kenneth Selim (Victim) lived together in Connecticut prior to coming to South Carolina. On June 3, 2005, shortly after arriving in this state, Appellant fatally stabbed Victim once in the chest. According to an affidavit dated June 4, 2005, Appellant, after initially providing deceptive information to the police regarding the incident, admitted she had armed herself with the knife for the purpose of threatening Victim.

Appellant pled guilty to voluntary manslaughter, and the trial court sentenced her to twenty years' imprisonment. Appellant moved the court to find her eligible for early parole based on section 16–25–90 of the South Carolina Code, entitling a defendant to release after serving one quarter of a sentence, if credible evidence is presented to show a history of suffering domestic violence at the hands of the victim. Both Appellant and the State presented evidence of the alleged violent nature of the relationship or lack thereof. At the close of the hearing, the trial court held; "there is no finding of parole eligibility pursuant to 16–25–90." This appeal follows.

## ISSUE

Did the trial court err in declining to find Appellant eligible for early parole under section 16–25–90?

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006). Thus, an appellate court is bound by the trial court's factual findings unless they are clearly erroneous. *Id.* In reviewing the trial court, this Court is bound by the factual findings of the trial court unless an abuse of discretion is shown. *State v. Laney,* 367 S.C. 639, 643–44, 627

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

S.E.2d 726, 729 (2006). This standard is satisfied when there is evidence in the record to support the conclusion of the trial court. *Id.*

## ANALYSIS

Appellant alleges that the trial court erred in not finding her eligible for early parole. We disagree.

Section 16–25–90 of the South Carolina Code (Supp.2008) provides in pertinent part:

[N]otwithstanding any other provision of law, an inmate who was convicted of, or pled guilty or nolo contendere to, an offense against a household member is eligible for parole after serving one-fourth of his prison term when the inmate at the time he pled guilty to, nolo contendere to, or was convicted of an offense against the household member, or in post-conviction proceedings pertaining to the plea or conviction, presented credible evidence of a history of criminal domestic violence, as provided in Section 16–25–20, suffered at the hands of the household member.

Under section 16–25–20, a person commits criminal domestic violence when he "(1) cause[s] physical harm or injury to [his] own household member; or (2) offer[s] or attempt[s] to cause physical harm or injury to [his] own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." S.C.Code Ann. § 16–25–20 (2003).

Eligibility for early parole under section 16–25–90 requires the accused to demonstrate by preponderance of the evidence that criminal domestic violence was suffered at the hands of the victim. *State v. Grooms,* 343 S.C. 248, 254, 540 S.E.2d 99, 102 (2000). Thus, a convicted individual must present credible evidence sufficient to meet the preponderance of the evidence standard. In this regard, a sentencing judge is largely unlimited as to either the kind or the source of the information he may consider upon sentencing. *Hayden v. State,* 283 S.C. 121, 123, 322 S.E.2d 14, 15 (1984); *see also State v. Cantrell,* 250 S.C. 376, 379, 158 S.E.2d 189, 191 (1967) (stating that the circuit court exercises "a wide discretion in the sources and types of evidence" it considers in sentencing).

██ The trial court made no explanation as to whether this holding was because Appellant failed to produce credible evidence that she suffered criminal domestic violence at the hands of Victim, or whether she failed to meet the preponderance of the evidence standard. However, " '[t]his Court ... is authorized to consider any sustaining ground found within the record.' " *State v. Parker*, 381 S.C. 68, 96, 671 S.E.2d 619, 633 (Ct.App.2008) (citing *Hutto v. State*, 376 S.C. 77, 82, n. 2, 654 S.E.2d 846, 849 n. 2 (Ct.App.2007)) *see* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the Record on Appeal."). Accordingly, we may affirm if the record supports either or both: (1) Appellant failed to produce credible evidence or (2) failed to meet the preponderance of the evidence standard.

██ Here, we find the trial court's conclusion to be supported by the record as to both the credibility of the evidence as well as the weight. The record reveals that the evidence offered by Appellant may not have been credible as required by section 16–25–90. Much of the testimony received in support of Appellant's motion was hearsay. In addition, a majority of the testimony was offered by parties with potential bias or by Appellant herself. Further, evidence demonstrated Appellant's previous dishonesty with law enforcement. We therefore find sufficient evidence to support a determination that the evidence presented by Appellant was not credible.

Furthermore, with ample amounts of conflicting information, evidence of Appellant's aggressive nature, the fact that Victim had no criminal convictions for domestic violence, and few specific details, we find a determination that Appellant did not satisfy the preponderance of the evidence burden is also supported by the record.[2]

---

2. We recognize that Appellant argues her past violent behavior toward her late husband should not bar her from eligibility for early parole. We do not imply by our holding that Appellant is barred from eligibility because of this behavior. Rather, we simply find that based on our standard of review, the record supports the ultimate conclusion of the trial court under either rational: *i.e.*, either (1) Appellant failed to present credible evidence she suffered criminal domestic violence at Victim's hands or (2) the evidence she presented, whether credible or not, did not satisfy the preponderance of the evidence burden.

## CONCLUSION

We affirm the trial court's ultimate conclusion that Appellant was not entitled to early release under section 16–25–90. The record supports the determination that Appellant failed to produce credible evidence of a history of criminal domestic violence between the parties and she failed to satisfy the preponderance of the evidence standard. Accordingly, the ruling of the trial court is

**AFFIRMED.**

HEARN, C.J., and KONDUROS J., concur.