707 S.E.2d 426

**The STATE, Respondent,**

v.

**Nearin BLACKWELL–SELIM, Petitioner.**

**No. 26948.**

Supreme Court of South Carolina.

Submitted March 15, 2011.
Decided March 21, 2011.

Appellate Defender M. Celia Robinson, South Carolina Commission on Indigent Defense, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley Elliott, Assistant Attorney General Christina J. Catoe, all of Columbia; John Gregory Hembree, 15th Circuit Solicitor's Office, of Conway, for Respondent.

PER CURIAM.

Petitioner seeks a writ of certiorari to review the Court of Appeals' decision in *State v. Blackwell–Selim*, 385 S.C. 394, 684 S.E.2d 208 (Ct.App.2009). We grant the petition for a writ of certiorari, dispense with further briefing, vacate the opinion of the Court of Appeals, and remand to the circuit court to make specific findings of fact.

## FACTUAL/PROCEDURAL BACKGROUND

Petitioner pled guilty to voluntary manslaughter in the stabbing death of her live-in boyfriend. She was sentenced to twenty years' imprisonment. During sentencing, petitioner presented evidence seeking to show a history of criminal domestic violence suffered by her at the hands of the decedent, entitling her to early parole eligibility pursuant to S.C.Code Ann. § 16–25–90 (Supp.2010). After sentencing petitioner to twenty years' imprisonment, the plea judge stated, "There is no finding of parole eligibility pursuant to § 16–25–90;" however, he made no specific findings of fact as to why petitioner was ineligible for early parole.

The Court of Appeals affirmed the plea judge's finding as to early parole eligibility. The Court of Appeals concluded the record supported a determination that petitioner failed to produce credible evidence of a history of criminal domestic violence at the hands of the decedent and failed to satisfy the preponderance of the evidence standard.

## ISSUE

Did the Court of Appeals err in affirming the plea judge's finding that petitioner was ineligible for early parole?

## LAW/ANALYSIS

In criminal cases, the appellate court sits to review errors of law only and is bound by factual findings of the trial court unless an abuse of discretion is shown. *State v. Laney,* 367 S.C. 639, 643, 627 S.E.2d 726, 729 (2006). The appellate court does not reevaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial judge's ruling is supported by any evidence. *State v. Winkler,* 388 S.C. 574, 583, 698 S.E.2d 596, 601 (2010).

Pursuant to § 16–25–90, a person who is convicted of or pleads guilty to an offense against a household member is eligible for parole after serving one-fourth of his or her prison term if the person presents credible evidence of a history of criminal domestic violence, as defined in S.C.Code Ann. § 16–25–20 (2003), suffered at the hands of the household member. Such a history must be proven by a prepon-

4

derance of the evidence. *State v. Grooms*, 343 S.C. 248, 254, 540 S.E.2d 99, 102 (2000). Therefore, mere production of evidence does not automatically result in earlier parole eligibility; instead, the defendant must persuade the judge by presenting proof which leads the trier of fact to find that the existence of the contested fact is more probable than its nonexistence. *Id.* at 253–54, 540 S.E.2d at 101–02 (citing 2 *McCormick on Evidence* § 339 (5th ed.1999)). Moreover, use of the term "credible evidence" indicates the legislature intended the defendant's evidence to be, in fact, trustworthy, not simply plausible. *Id.* at 253, 540 S.E.2d at 101. The defendant must persuade the judge her evidence is reliable. *Id.*

We find the Court of Appeals erred in reviewing the plea judge's finding petitioner was not eligible for early parole under § 16–25–90 because the plea judge failed to make specific findings of fact to support his ruling. Thus, there was nothing for the Court of Appeals to review. *Winkler*, 388 S.C. at 583, 698 S.E.2d at 601; *Laney*, 367 S.C. at 643, 627 S.E.2d at 729. The circuit court must make specific findings in ruling on parole eligibility or ineligibility under § 16–25–90. See *e.g. Grooms*, 343 S.C. 248, 540 S.E.2d 99. Therefore, we vacate the opinion of the Court of Appeals and remand the matter to the circuit court to make specific findings of fact regarding the ruling that petitioner was not entitled to early parole eligibility pursuant to § 16–25–90.

## CONCLUSION

Because the plea judge failed to make specific findings of fact with regard to his ruling that petitioner was not entitled to early parole eligibility pursuant to § 16–25–90, we grant the petition for a writ of certiorari, dispense with further briefing, vacate the Court of Appeals' opinion, and remand the case to circuit court to make such findings.

**VACATED and REMANDED.**

TOAL, C.J., PLEICONES, BEATTY, and KITTREDGE JJ., concur. HEARN, J., not participating.