**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Lou Ann Robinson, Appellant.

Appellate Case No. 2009-148966

---

Appeal From Williamsburg County
R. Ferrell Cothran, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2012-UP-574
Submitted October 1, 2012 – Filed October 24, 2012

---

**AFFIRMED IN PART AND REMANDED IN PART**

---

Appellate Defender Elizabeth Anne Franklin-Best, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor C. Kelly Jackson, of Sumter, for Respondent.

---

**PER CURIAM:**  Lou Ann Robinson appeals her conviction of voluntary manslaughter, arguing the trial court erred in charging voluntary manslaughter. Additionally, she argues the trial court erred in failing to make a finding under section 16-25-90 of the South Carolina Code (Supp. 2011), which provides early parole eligibility for an inmate convicted of an offense against a household member, when evidence is presented of criminal domestic violence suffered at the hands of the household member.

1.     As to whether the trial court erred in charging voluntary manslaughter, we affirm pursuant to the following authorities: *State v. Miller*, 397 S.C. 630, 634-35, 725 S.E.2d 724, 727 (Ct. App. 2012) ("In criminal cases, appellate courts review only errors of law and will not reverse a trial court's decision concerning jury instructions unless the trial court abused its discretion."); *id.* at 635, 725 S.E.2d at 727 ("An abuse of discretion occurs when the [trial] court's decision is unsupported by the evidence or controlled by an error of law."); *State v. Moore*, 374 S.C. 468, 473-74, 649 S.E.2d 84, 86 (Ct. App. 2007) ("This [c]ourt does not re-evaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial [court's] ruling is supported by any evidence."); *State v. Johnson*, 333 S.C. 62, 65, 508 S.E.2d 29, 31 (1998) ("To warrant a court's eliminating the offense of manslaughter, it should very clearly appear that there is no evidence whatsoever tending to reduce the crime from murder to manslaughter."); *State v. Tyson*, 283 S.C. 375, 379, 323 S.E.2d 770, 772 (1984) ("Voluntary manslaughter is the unlawful killing of a human being in the heat of passion upon sufficient legal provocation."); *State v. Starnes*, 388 S.C. 590, 598, 698 S.E.2d 604, 609 (2010) ("[F]ear immediately following an attack or threatening act may cause the person to act in a sudden heat of passion.").

2.     As to whether the trial court erred in failing to make a finding regarding Robinson's eligibility for early parole: Section 16-25-90 of the South Carolina Code (Supp. 2011) states an inmate shall be eligible for parole after serving one-fourth of his or her prison sentence when the inmate was convicted of a crime against a household member and presents credible evidence of a history of criminal domestic violence suffered at the hands of the household member.  "The circuit court must make specific findings in ruling on parole eligibility or ineligibility under § 16-25-90." *State v. Blackwell-Selim*, 392 S.C. 1, 4, 707 S.E.2d 426, 428 (2011).  "Such a history must be proven by a preponderance of the evidence." *Id.* at 3-4, 707 S.E.2d at 428.  We hold the trial court erred in failing to make a finding regarding Robinson's eligibility for early parole under section 16-25-90. Accordingly, we remand for a determination of whether Robinson presented a

preponderance of evidence showing she suffered criminal domestic violence inflicted by the victim.

**AFFIRMED IN PART AND REMANDED IN PART.**[1]

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.