**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Nearin Blackwell-Selim, Appellant.

Appellate Case No. 2011-192328

―――――――――

Appeal From Horry County
Steven H. John, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2012-UP-566
Heard October 4, 2012 – Filed October 24, 2012

―――――――――

**AFFIRMED**

―――――――――

Appellate Defender Robert M. Pachak, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia, and Solicitor J. Gregory Hembree, of Conway, for Respondent.

―――――――――

**PER CURIAM:** On January 4, 2007, Nearin Blackwell-Selim pled guilty to voluntary manslaughter, and the circuit court sentenced her to twenty years in prison. Blackwell-Selim moved the court to find her eligible for early parole based on South Carolina Code section 16-25-90 (Supp. 2011), which entitles a defendant to be considered for parole after serving one quarter of a sentence if credible evidence is presented to show a history of suffering domestic violence at the hands of the victim. After giving Blackwell-Selim an opportunity to put forth evidence, the court denied her early parole.

The court of appeals affirmed, finding the record supported the circuit court's determination that Blackwell-Selim did not produce credible evidence of domestic violence between the parties. *State v. Blackwell-Selim,* 385 S.C. 394, 399, 684 S.E.2d 208, 210 (Ct. App. 2009). The supreme court vacated the opinion of the court of appeals and remanded the case because the circuit court "failed to make specific findings of fact to support [its] ruling." *State v. Blackwell-Selim*, 392 S.C. 1, 4, 707 S.E.2d 426, 428 (2011) (*per curiam*). In its opinion, the supreme court remanded "the matter to the circuit court to make specific findings of fact regarding the ruling the petitioner was not entitled to early parole eligibility pursuant to [section] 16-25-90." *Blackwell-Selim*, 392 S.C. at 4, 707 S.E.2d at 428.

At the second sentencing hearing, Blackwell-Selim offered new evidence in addition to the evidence presented at the initial sentencing hearing. Although the circuit court allowed her to present the new evidence, the court stated it would not consider it because the evidence was not before the court at the initial sentencing hearing. After the presentation of evidence and in accordance with the supreme court's opinion, the circuit court specifically found Blackwell-Selim was not eligible for parole pursuant to section 16-25-90 and issued an order denying her request.

Blackwell-Selim appeals only the circuit court's lack of specific factual findings as to the additional evidence presented at the second sentencing hearing. She does not challenge the evidence originally presented at the first sentencing hearing, the merits of the ruling based on the original evidence, or the circuit court's decision not to consider additional evidence at the second sentencing hearing. *See* 208(b)(1)(B), SCACR ("The brief of appellant shall contain. . . [a] statement of each of the issues presented for review. . . . Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

A person who is convicted of or pleads guilty to an offense against a household member is eligible for parole after serving one-fourth of his or her prison term if the person presents credible evidence of a history of criminal domestic violence suffered at the hands of the household member. S.C. Code Ann. § 16-25-90 (Supp. 2011). Such a history of criminal domestic violence must be proven by a preponderance of the evidence. *State v. Grooms*, 343 S.C. 248, 254, 540 S.E.2d 99, 102 (2000). In ruling on parole eligibility or ineligibility, the court must make specific findings of fact. *Blackwell-Selim*, 392 S.C. at 3, 707 S.E.2d at 428.

Whether or not a trial court may consider additional evidence on remand depends on the purpose of the remand. *State v. Frey,* 362 S.C. 511, 514, 608 S.E.2d 874, 876 (Ct. App. 2005). When an appellate court remands a case to a trial court to address issues not fully developed during the trial, it is appropriate for the trial court to consider new evidence. *Id.* However, when a remand is not for this purpose, a party should not be allowed a "*second* evidentiary hearing." *Id.*

In this case, the supreme court remanded the case to the circuit court "to make specific findings of fact regarding the ruling the petitioner was not entitled to early parole eligibility pursuant to [section] 16-25-90." *Blackwell-Selim*, 392 at 4, 707 S.E.2d at 428. There were no issues that were not fully addressed and developed during the original sentencing hearing; instead the remand was for a determination of specific findings on the evidence already presented. Thus, there was no requirement that the circuit court consider or make specific findings of fact as to the new evidence. We find no error.

**AFFIRMED.**

**FEW, C.J., and WILLIAMS and PIEPER, JJ., concur.**