**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Tammy Smathers, Appellant.

Appellate Case No. 2014-000254

---

Appeal From Aiken County
James R. Barber, III, Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-147
Submitted February 1, 2015 – Filed March 18, 2015

---

**AFFIRMED**

---

James E. Whittle, Jr., of Johnson, Johnson, Whittle & Lancer, PA, of Aiken, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mary Shannon Williams, both of Columbia; and Solicitor James Strom Thurmond, Jr., of Aiken, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Blackwell-Selim*, 392 S.C. 1, 3, 707 S.E.2d 426, 427 (2011)

("In criminal cases, the appellate court sits to review errors of law only and is bound by factual findings of the trial court unless an abuse of discretion is shown."); *id.* at 3, 707 S.E.2d at 427-28 ("The appellate court does not reevaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the trial [court]'s ruling is supported by any evidence."); S.C. Code Ann. § 16-25-90 (Supp. 2014) ("[A]n inmate who . . . pled guilty [to] . . . an offense against a household member is eligible for parole after serving one-fourth of his prison term when the inmate at the time he pled guilty to . . . an offense against the household member . . . presented credible evidence of a history of criminal domestic violence . . . ."); S.C. Code Ann. § 16-25-10 (Supp. 2014) (stating household member includes a spouse); *State v. Grooms*, 343 S.C. 248, 253, 540 S.E.2d 99, 101 (2000) ("[Section] 16-25-90 requires the defendant to do more than produce evidence of a history of criminal domestic violence which she believes is credible. Use of the term 'credible evidence' indicates the legislature intended the defendant's evidence to be, in fact, trustworthy, not simply plausible. Accordingly, the defendant must do more than simply present evidence; she must persuade the trial [court] her evidence is reliable. Moreover, we find the legislature did not intend the mere production of evidence to automatically result in earlier parole eligibility. If that were the case, as appellant suggests, then all individuals who are convicted of an offense against household members would be eligible for parole after service of one-fourth of their prison term simply by testifying they suffered a history of criminal domestic violence at the hands of their own victims." (citations omitted)).

**AFFIRMED.**[1]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.