**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Lou Ann Robinson, Appellant.

Appellate Case No. 2013-000293

Appeal From Williamsburg County
R. Ferrell Cothran, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-490
Heard September 15, 2015 – Filed October 14, 2015

**AFFIRMED**

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William M. Blitch, Jr., both of Columbia; and Solicitor Ernest Adolphus Finney, III, of Sumter, for Respondent.

**PER CURIAM:** Robinson appeals the trial court's denial of her parole eligibility under section 16-25-90 of the South Carolina Code (Supp. 2014). She argues the

trial court erred in failing to find she presented sufficient evidence of a history of domestic violence. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: Section 16-25-90 of the South Carolina Code (Supp. 2014) (providing "an inmate who was convicted of . . . an offense against a household member is eligible for parole after serving one-fourth of his prison term when the inmate at the time he . . . was convicted of an offense against the household member, . . . presented credible evidence of a *history of criminal domestic violence . . . suffered at the hands of the household member*" (emphasis added)); *State v. Grooms*, 343 S.C. 248, 253-55, 540 S.E.2d 99, 101-02 (2000) (stating that in order to receive early parole pursuant to section 16-25-90, the defendant must demonstrate by a preponderance of the evidence that criminal domestic violence was suffered at the hands of the victim); *id.* at 253, 540 S.E.2d at 101 ("16-25-90 requires the defendant to do more than produce evidence of a history of criminal domestic violence which she believes is credible. Use of the term 'credible evidence' indicates the legislature intended the defendant's evidence to be, in fact, trustworthy, not simply plausible."); *State v. Hawes*, 411 S.C. 188, 191, 767 S.E.2d 707, 708 (2015) (holding the trial court has discretion to grant or deny defendant's motion for early parole eligibility based on evidence of criminal domestic violence suffered at hands of a household member); *id.* at 190 n.2, 767 S.E.2d at 708 n.2 ("The legislative history of section 16-25-90 indicates that the statute was intended to confer early parole eligibility only to long-term victims of repeated abuse at the hands of a household member."); *State v. Johnson*, __S.C.__, 776 S.E.2d 367, 371 (2015) ("Credibility findings are treated as factual findings, and therefore, the appellate inquiry is limited to reviewing whether the trial court's factual findings are supported by any evidence in the record."); *id.* ("Moreover, it is well-established under South Carolina law that credibility determinations are entitled to great deference.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**