**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE
CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

The State, Respondent,

v.

Amy N. Taylor, Appellant.

Appellate Case No. 2019-001117

———————

Appeal From Spartanburg County
Lee S. Alford, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-340
Heard May 12, 2022 – Filed August 17, 2022

———————

**AFFIRMED**

———————

Appellate Defender Jessica M. Saxon, of Columbia, for
Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General W. Jeffrey Young, Deputy Attorney
General Donald J. Zelenka, Senior Assistant Deputy
Attorney General Melody Jane Brown, and Assistant
Attorney General Tommy Evans, Jr., all of Columbia;
and Solicitor Barry Joe Barnette, of Spartanburg, all for
Respondent.

———————

**PER CURIAM:**  Following Amy N. Taylor's guilty plea to the murder of her boyfriend, the circuit court found Taylor did not qualify pursuant to section 16-25-90 of the South Carolina Code (2015) for early parole eligibility upon serving one-fourth of her sentence as a victim of domestic violence.  Taylor appeals the circuit court's finding she did not qualify, arguing the circuit court abused its discretion because she proved by a preponderance of the evidence she suffered a history of criminal domestic violence at the hands of a household member.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Hawes*, 411 S.C. 188, 190, 767 S.E.2d 707, 708 (2015) ("In criminal cases, the appellate court sits to review errors of law only and is bound by factual findings of the [circuit] court unless an abuse of discretion is shown." (quoting *State v. Blackwell-Selim*, 392 S.C. 1, 3, 707 S.E.2d 426, 427 (2011) (per curiam))); *id.* at 191, 767 S.E.2d at 708 ("An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law or[] when grounded in factual conclusions, is without evidentiary support." (quoting *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012))); *Blackwell-Selim*, 392 S.C. at 3, 707 S.E.2d at 428 ("Pursuant to [section] 16-25-90, a person who is convicted of or pleads guilty to an offense against a household member[1] is eligible for parole after serving one-fourth of his or her prison term if the person presents credible evidence of a history of criminal domestic violence[2] . . . suffered at the hands of the household member."); *id.* at 3-4, 707 S.E.2d at 428 ("Such a history must be proven by a preponderance of the evidence."); *id.* at 3, 707 S.E.2d at 427-28 ("The appellate court does not reevaluate the facts based on its own view of the preponderance of the evidence but simply determines whether the [circuit court's] ruling is supported by any evidence."); *id.* at 4, 707 S.E.2d at 428 ("[M]ere production of evidence does not automatically result in earlier parole eligibility; instead, the defendant must persuade the [circuit court] by presenting proof [that] leads the trier of fact to find that the existence of the contested fact is more probable than its nonexistence."); *id.* ("[U]se of the term 'credible evidence' indicates the legislature intended the defendant's evidence to be, in fact, trustworthy, not simply plausible. The defendant must persuade the [circuit court] her evidence is reliable." (citation omitted)); *State v. Johnson*, 413 S.C. 458, 467, 776 S.E.2d 367, 371 (2015)

---

[1] A "[h]ousehold member" includes "a male and female who are cohabiting or formerly have cohabited."  S.C. Code Ann. § 16-25-10(3)(d) (Supp. 2021).

[2] To be guilty of criminal domestic violence, a person must "(1) cause physical harm or injury to a person's own household member; or (2) offer or attempt to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." S.C. Code Ann. § 16-25-20(A) (Supp. 2021).

("Credibility findings are treated as factual findings, and therefore, the appellate inquiry is limited to reviewing whether the [circuit] court's factual findings are supported by any evidence in the record. . . . [C]redibility determinations are entitled to great deference. (citation omitted)); *Hill v. State*, 377 S.C. 462, 468, 661 S.E.2d 92, 95 (2008) (noting because the circuit court sees and hears the witnesses, it is in a better position to evaluate their credibility and assign comparative weight to their testimonies).

**AFFIRMED.**

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**