# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner,

v.

Alonzo Hawes, Respondent.

Appellate Case No. 2012-212978

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Greenwood County
Frank R. Addy, Jr., Circuit Court Judge

---

Opinion No. 27476
Heard June 11, 2014 – Filed January 7, 2015

---

## VACATED AND REMANDED

---

Attorney General Alan M. Wilson and Assistant Attorney
General William M. Blitch, Jr., of Columbia, for
Petitioner.

E. Charles Grose, Jr., of Grose Law Firm, of Greenwood,
and Donna Katherine Anderson, of Laurens, for
Respondent.

**JUSTICE KITTREDGE:**  With no provocation, Respondent Alonzo Hawes shot and killed his estranged wife in the presence of their children.  Following a guilty plea to voluntary manslaughter, the trial court granted Hawes's section 16-25-90 motion for eligibility for early parole, which the court of appeals affirmed.  *State v. Hawes*, 399 S.C. 211, 730 S.E.2d 904 (Ct. App. 2012).  We issued a writ of certiorari to review the court of appeals' decision.  Because the trial court failed to exercise discretion, which was likely the result of its reliance on a prior version of section 16-25-90, we vacate the court of appeals' opinion and remand for reconsideration in light of the correct version of the statute.

## I.

In 2007, Hawes visited his estranged wife's home because he wished to take his children to visit a relative.  When his wife refused, Hawes shot and killed her, without provocation, in front of the children and fled the scene of the crime.  Hawes was indicted for murder but pled guilty to voluntary manslaughter and was sentenced to twenty-two years in prison.[1]

At the sentencing hearing, Hawes moved for early parole eligibility pursuant to South Carolina Code section 16-25-90 (Supp. 2013), which provides that an inmate who commits an offense against a household member "is eligible for parole after serving one-fourth of his prison term when the inmate . . . present[s] credible evidence of a history of criminal domestic violence . . . suffered at the hands of the household member."[2]

The State presented evidence that Hawes and his estranged wife had a decade-long tumultuous relationship, which included instances of mutual combat.  The State

---

[1] Hawes also pled guilty to possession of a firearm during the commission of a violent crime and was sentenced to five years in prison, with the sentences to run concurrently.

[2] The legislative history of section 16-25-90 indicates that the statute was intended to confer early parole eligibility only to long-term victims of repeated abuse at the hands of a household member.  *See* Act No. 7, 1995 S.C. Acts 58–59 (indicating that section 16-25-90 was first enacted alongside the defense of battered spouse syndrome).

also presented evidence that Hawes was the primary aggressor in the relationship. Nevertheless, the trial court determined that Hawes was eligible for early parole eligibility, erroneously applying a prior version of section 16-25-90, which provided that a defendant "*shall be* eligible for parole" if he presents "credible evidence of a history of criminal domestic violence . . . suffered at the hands of the household member." S.C. Code Ann. § 16-25-90 (2003) (emphasis added). The trial court concluded that it was "compelled" to grant Hawes early parole eligibility in view of the "shall be" language. The court of appeals affirmed. *Hawes*, 399 S.C. at 215, 730 S.E.2d at 906.

## II.

"In criminal cases, the appellate court sits to review errors of law only and is bound by factual findings of the trial court unless an abuse of discretion is shown." *State v. Blackwell-Selim*, 392 S.C. 1, 3, 707 S.E.2d 426, 427 (2011) (per curiam) (citing *State v. Laney*, 367 S.C. 639, 643, 627 S.E.2d 726, 729 (2006)). "An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) (quoting *State v. Jennings*, 394 S.C. 473, 477–78, 716 S.E.2d 91, 93 (2011)). "A failure to exercise discretion amounts to an abuse of that discretion." *Samples v. Mitchell*, 329 S.C. 105, 112, 495 S.E.2d 213, 216 (Ct. App. 1997) (citations omitted).

The State contends the court of appeals erred in affirming the trial court because the trial court failed to exercise discretion. We agree, although we see no meaningful difference in the legislature's use of the "shall be eligible" language in the prior version of the statute and the "is eligible" language in the statute in effect when Hawes killed his wife. Under either iteration of the statute, the trial court must exercise discretion based on the evidence presented, consistent with the legislature's intended reach of section 16-25-90. Here, it is apparent the trial court believed its discretion was constrained by the "shall be" language. That perceived limitation of discretion is reflected in the trial court's belief that it was "compelled" to find in favor of Hawes. The trial court further stated that the "use of the word 'shall' in the statute notes mandatory, not precatory, language so that, if the court were to find a credible history of domestic violence suffered at the hands of the victim, the court is required to authorize application of the statute." The trial court considered the history of violence between the parties and found Hawes "has proven himself to be the recipient of a history of domestic violence by [the

victim]."  That finding alone, according to the trial court, mandated early parole eligibility for Hawes.

Under these circumstances, we find legal error in the trial court's reliance on the incorrect version of section 16-25-90.  The prejudice to the State is manifest in the trial court's acknowledgement that "this is a close case."  As a result, we vacate the opinion of the court of appeals and remand to the trial court for reconsideration under the proper version of section 16-25-90.[3]


**VACATED AND REMANDED.**

**TOAL, C.J., and Acting Justice Dorothy Mobley Jones, concur.**
**PLEICONES, J., dissenting in a separate opinion in which BEATTY, J.,**
**concurs.**

---

[3]  In light of the remand, we do not reach the other challenges raised by the State.

**JUSTICE PLEICONES:** I respectfully dissent. I agree with the majority that there is no meaningful difference between the two versions of S.C. Code Ann. § 16-25-90.[4] I nonetheless disagree with the majority's interpretation of the trial judge's use of the word "compelled." In my view, the trial judge's use of the word reflects his determination that the evidence presented by Hawes, which included reported instances of criminal domestic violence and a history of mutual physical abuse, was credible. Thus, it is my view, the trial judge determined based upon the weight of the *credible* evidence that he was *compelled* to find § 16-25-90 *applied*, and that Hawes was *eligible* for early parole.[5] To the extent the majority finds legal error based on the trial judge's failure to exercise discretion, I disagree. The trial judge, in granting Hawes early parole eligibility, noted "this is a close case" and that "reasonable minds could certainly disagree with the court's finding." Such language makes clear to me that the trial judge exercised his discretion in determining that Hawes was entitled to early parole eligibility. Accordingly, I would dismiss certiorari as improvidently granted.


**BEATTY, J., concurs.**

---

[4] *Compare* S.C. Code Ann. § 16-25-90 (2003) ("[A]n inmate who was convicted of, or pled guilty or nolo contendere to, an offense against a household member *shall be eligible for parole* after serving one-fourth of his prison term when the inmate . . . present[s] credible evidence of a history of criminal domestic violence . . . suffered at the hands of the household member."), *with* S.C. Code Ann. § 16-25-90 (Supp. 2013) ("[A]n inmate . . . *is eligible for parole* . . . .").

[5] The trial judge's order states that he was "compelled to find that the Defendant [Hawes] has met his burden."