**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Thomas James, Appellant.

Appellate Case No. 2014-002326

———————————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-430
Submitted September 1, 2016 – Filed October 19, 2016

———————————

**AFFIRMED**

———————————

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Donald J. Zelenka, and Assistant Attorney General Caroline M. Scrantom, all of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

———————————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012) ("In criminal cases, an appellate court sits to review only errors of law, and it is bound by the trial court's factual findings unless they are clearly erroneous."); *State v. Vang*, 353 S.C. 78, 83-84, 577 S.E.2d 225, 227 (Ct. App. 2003) ("The admission or rejection of testimony is within the sound discretion of the trial [court] and will not be overturned absent a showing of abuse of discretion, legal error, and prejudice to the appellant."); *State v. McEachern*, 399 S.C. 125, 137, 731 S.E.2d 604, 610 (Ct. App. 2012) ("As well, the scope of cross-examination is within the discretion of the trial court, and the court's decision will not be reversed on appeal absent a showing of prejudice."); *State v. Hawes*, 411 S.C. 188, 191, 767 S.E.2d 707, 708 (2015) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *Black*, 400 S.C. at 16, 732 S.E.2d at 884)); *McEachern*, 399 S.C. at 137, 731 S.E.2d at 610 ("When a party introduces evidence about a particular matter, the other party is entitled to introduce evidence in explanation or rebuttal thereof, even if the latter evidence would have been incompetent or irrelevant had it been offered initially."); *State v. Inman*, 395 S.C. 539, 557, 720 S.E.2d 31, 41 (2011) (providing a prosecuting attorney is competent to testify and may do so when necessary under the circumstances of a case, subject to the discretion of the trial court); *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) ("[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.