**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

August Byron Kreis, III, Appellant.

Appellate Case No. 2015-002340

Appeal From Lexington County
Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2018-UP-052
Submitted November 1, 2017 – Filed January 31, 2018

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

**PER CURIAM:** August Kreis, III, appeals his convictions of second-degree criminal sexual conduct with a minor and lewd act on a minor, arguing the trial court erred by (1) instructing the jury that the victims' testimony need not be

corroborated and (2) admitting evidence of a prior bad act.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *State v. Mattison,* 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court's] decision regarding a jury charge absent an abuse of discretion."); *State v. Hawes*, 411 S.C. 188, 191, 767 S.E.2d 707, 708 (2015) ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." (quoting *State v. Black*, 400 S.C. 10, 16, 732 S.E.2d 880, 884 (2012))); *State v. Stukes*, 416 S.C. 493, 496, 498, 787 S.E.2d 480, 481, 482 (2016) (holding the trial court erred in charging the jury that the victim's testimony need not be corroborated by additional evidence because it was "an impermissible charge on the facts and therefore unconstitutional"); *State v. Belcher*, 385 S.C. 597, 611, 685 S.E.2d 802, 809 (2009) ("[E]rroneous jury instructions[] are subject to harmless error analysis."); *State v. Middleton*, 407 S.C. 312, 317, 755 S.E.2d 432, 435 (2014) ("When considering whether an error with respect to a jury instruction was harmless, [this court] must 'determine beyond a reasonable doubt that the error complained of did not contribute to the verdict.'" (quoting *State v. Kerr*, 330 S.C. 132, 144-45, 498 S.E.2d 212, 218 (Ct. App. 1998))).

As to Issue 2: *State v. Gaster*, 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002) ("The admission of evidence is within the discretion of the trial court and will not be reversed [on appeal] absent an abuse of discretion."); *Hawes*, 411 S.C. at 191, 767 S.E.2d at 708 ("An abuse of discretion occurs when the trial court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support."  (quoting *Black*, 400 S.C. at 16, 732 S.E.2d at 884)); *State v. Martucci*, 380 S.C. 232, 252, 669 S.E.2d 598, 609 (Ct. App. 2008) ("If there is any evidence to support the admission of bad act evidence, the trial [court]'s ruling cannot be disturbed on appeal."); *State v. Wallace*, 384 S.C. 428, 433, 683 S.E.2d 275, 277-78 (2009) ("When determining whether evidence is admissible as common scheme or plan, the trial court must analyze the similarities and dissimilarities between the crime charged and the bad act evidence to determine whether there is a close degree of similarity."); *id.* at 433-34, 683 S.E.2d at 278 ("[T]he trial court should consider the following factors when determining whether there is a close degree of similarity between the bad act and the crime charged: (1) the age of the victims when the abuse occurred; (2) the relationship between the victims and the perpetrator; (3) the location where the abuse occurred; (4) the use of coercion or

threats; and (5) the manner of the occurrence, for example, the type of sexual battery.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.