FLOYD, J., concurring in part and dissenting in part:
 

 I join parts I and II of this opinion, but because I fundamentally disagree with how the majority reads
 
 State v. LaCoste
 
 ,
 
 347 S.C. 153
 
 ,
 
 553 S.E.2d 464
 
 (S.C. Ct. App. 2001), I must dissent as to part III. While South Carolina criminal domestic violence (CDV) may be an odious crime, it is not a violent felony under the ACCA. In holding that it is, I believe the majority misconstrues the reasoning of the South Carolina Court of Appeals in
 
 LaCoste
 
 . Because I read
 
 LaCoste
 
 differently, I would hold that South Carolina CDV is not a violent felony under the ACCA, consistent with our opinion in
 
 United States v. Hemingway
 
 ,
 
 734 F.3d 323
 
 (4th Cir. 2013).
 

 I.
 

 As the majority discusses, we have issued unpublished opinions concluding that CDV is categorically a crime of violence. Since those cases are not binding, I consider in the first instance whether CDV is a crime of violence.
 

 I agree with the parties and with my colleagues in the majority that CDV should be analyzed using the categorical approach, as opposed to the modified categorical approach. Under that approach, we are to review the elements of the crime and discern "the minimum conduct necessary for a violation under state law."
 

 United States v. Gardner
 
 ,
 
 823 F.3d 793
 
 , 803 (4th Cir. 2016) (internal quotation marks omitted). South Carolina Code § 16-25-20(A) states that an individual commits CDV when they "(1) cause physical harm or injury to a person's own household member; or (2) offer or attempt to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." The least culpable means of committing CDV is to "offer ... to cause physical harm or injury to a person's own household member with apparent present ability under circumstances reasonably creating fear of imminent peril." Thus, the operative question is whether that conduct amounts to "threatened use of physical force against the person of another ...."
 
 18 U.S.C. § 924
 
 (e)(2)(B)(i). I would hold that the answer is no.
 

 Most CDV cases adjudicated by South Carolina state courts involve violent physical assaults that easily fall under the ACCA's force clause.
 
 See, e.g.,
 

 State v. Chase
 
 ,
 
 2011 WL 11734321
 
 (S.C. Ct. App. 2011) (affirming defendant's conviction of criminal domestic violence of high and aggravated nature where he choked and brutally assaulted victim). And there is good reason to conclude that the CDV statute does not encompass words uttered at a significant physical or temporal remove, no matter how vulgar or violent; in
 
 State v. Hawes
 
 , the South Carolina Court of Appeals held that recordings of a wife threatening to kill her husband and his new girlfriend were not evidence of CDV because "the recordings do not indicate [the wife] had 'apparent present ability[,] under circumstances reasonably creating fear of imminent peril[,]' 'to cause physical harm or injury' to [her husband]."
 
 399 S.C. 211
 
 ,
 
 730 S.E.2d 904
 
 , 905 n.1 (S.C. Ct. App. 2012),
 
 vacated on other grounds
 
 ,
 
 411 S.C. 188
 
 ,
 
 767 S.E.2d 707
 
 (2015).
 

 But there is a spectrum of conduct between the recordings the
 
 Hawes
 
 court refused to find as evidence of CDV and the brutal assault in
 
 Chase
 
 that easily satisfies the "physical force" contemplated by ACCA's force clause. It is in this murky middle ground that the "most innocent conduct" of an "offer ... to cause physical harm" exists. However, no South Carolina state court case discusses this conduct in the context of the CDV statute. For guidance, then, I turn to South Carolina's interpretation of similar language in the common-law crime of assault.
 

 Under South Carolina law, assault is "an unlawful attempt or offer to commit a violent injury upon another person, coupled with the present ability to complete the attempt or offer by a battery."
 
 State v. Murphy
 
 ,
 
 322 S.C. 321
 
 ,
 
 471 S.E.2d 739
 
 , 741 (S.C. Ct. App. 1996). In
 
 LaCoste
 
 , the South Carolina Court of Appeals recognized that "assault and subsection (2) of the CDV statute appear very similar," and went on to acknowledge that assault had been defined as "any touching of the person of an individual in a rude or angry manner, without justification."
 
 553 S.E.2d at 471
 
 (quoting
 
 State v. Mims
 
 ,
 
 286 S.C. 553
 
 ,
 
 335 S.E.2d 237
 
 , 237 (1985) ). The
 
 LaCoste
 
 court discussed the inclusion of the term "violent injury" in the common-law crime of assault, reasoning that "[t]he adjective 'violent' may be somewhat misleading," as assault and battery has also been defined as "any touching of the person of an individual in a rude or angry manner, without justification."
 

 Id.
 

 (quoting
 
 Mims
 
 ,
 
 335 S.E.2d at
 
 237 ). The
 
 LaCoste
 
 court concluded that "[the CDV statute] merely includes the additional element that the person of another be a household member."
 
 Id.
 
 at 472.
 

 As there are no South Carolina cases analyzing what an "offer" of "physical
 harm" means in the context of a CDV conviction,
 
 LaCoste
 
 's analysis should guide our own. And although
 
 LaCoste
 
 does not speak with perfect clarity on the issue at hand, the most natural reading of the court's analysis is that under the CDV statute, an "offer ... to cause physical harm" includes an offer to touch a person in a rude or angry manner. We have already determined that "rude or angry" touching does not count as "physical force" within the meaning of ACCA's force clause.
 
 See
 

 Hemingway
 
 ,
 
 734 F.3d at 369
 
 (holding that South Carolina crime of assault and battery of a high and aggravated nature is not a crime of violence because it could be committed even if "no real force was used against the victim.").
 

 Accordingly, I would hold that South Carolina CDV is not a crime of violence and remand for resentencing without the ACCA enhancement. In concluding the contrary, the majority makes two analytical errors. First, the majority's analysis assumes that South Carolina's definition of common-law assault has no bearing on the definition of "physical harm" in the CDV statute. But for the reasons just discussed, that assumption does not square with
 
 LaCoste
 
 . Moreover, the majority infers based on the facts of
 
 LaCoste
 
 , in which the jury heard evidence that LaCoste "repeatedly struck a woman who identified herself as his wife,"
 

 id.
 

 at 469
 
 , that CDV necessarily involves greater harm or injury than assault. However, that portion of the
 
 LaCoste
 
 decision responds to the defendant's argument that he was entitled to a directed verdict, and merely recites this testimony for the purpose of showing that there was sufficient evidence to submit the case to the jury.
 

 Id.
 

 It does not support the conclusion that the element of harm or injury in CDV offenses is categorically more severe than the element of injury in assault offenses.
 

 The majority's reading of a higher threshold of force into CDV offenses assumes a higher bar for obtaining a CDV conviction than an assault conviction, a result seemingly at odds with the "essential purpose of the [CDV] statute ... to protect against harm and violence from members of an individual's household."
 
 See
 

 Arthurs v. Aiken Cty.
 
 ,
 
 338 S.C. 253
 
 ,
 
 525 S.E.2d 542
 
 , 549 (S.C. Ct. App. 1999). I see no commonsense reason for South Carolina to try to protect people from violence at the hands of their own household by creating a statutory crime that is
 
 harder
 
 to prove than common-law assault. Yet the majority's analysis requires us to assume that South Carolina did just that. I cannot agree. For this reason and the reasons already stated, I cannot agree that CDV is categorically a violent felony under the ACCA.
 
 *
 

 The PSR indicates only three past convictions that would be "violent felonies" for ACCA purposes. Therefore, if CDV is not a crime of violence then Drummond would not have the requisite three predicate convictions to qualify for armed career criminal status. In the recent case of
 
 United States v. Hodge
 
 ,
 
 902 F.3d 420
 
 (4th Cir. 2018) we held that the government must identify all of the convictions it wishes to use to support an enhanced sentence under ACCA at the time of sentencing, and may not preserve the ACCA enhancement upon resentencing with a prior conviction that was not designated as an ACCA predicate in the PSR. Accordingly, we need not determine whether CDVHAN is a crime of violence.