# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Misty A. Morris, Claimant,

v.

BB&T Corporation, d/b/a BB&T Bank, Employer, and Hartford Accident & Indemnity Co., Carrier,

IN RE: Attorney's Fee Petition of David Proffitt, Petitioner,

v.

South Carolina Workers' Compensation Commission, Respondent.

Appellate Case No. 2020-001494

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from the Workers' Compensation Commission

---

Opinion No. 28131
Heard February 2, 2022 – Filed January 25, 2023

---

## REVERSED AND REMANDED

---

Robert David Proffitt, of Proffitt & Cox, LLP, of Columbia, Petitioner.

Carmen Vaughn Ganjehsani, of Richardson Plowden & Robinson, PA; James Keith Roberts, both of Columbia, for Respondent.

_____

**JUSTICE FEW:** The workers' compensation commission dismissed an appeal to its appellate panel because the attorney filing the appeal missed a deadline for his brief. The commission refused to reinstate the appeal even after the attorney explained he made an innocent calendaring mistake, and then the commission refused to reconsider its decision. In all three instances, the commission gave no explanation of its decision; it simply issued a form order with blanks checked indicating the commission's action. We reverse the commission's decision refusing to reinstate the appeal and remand to the appellate panel for consideration of the appeal on the merits.

Attorney David Proffitt represented Misty A. Morris in her 2016 workers' compensation claim against BB&T Corporation. After settling her claim, Proffitt filed a Form 61—"Attorney Fee Petition"—with the commission seeking approval of his contingent attorney's fee in the amount of $36,633.33, along with costs in the amount of $5,134.10. Commissioner Susan S. Barden approved attorney's fees in the amount of $24,641.04 and all of the costs, but denied attorney's fees for the amount the settlement agreement allocated to future medical expenses. Proffitt filed a Form 30—"Request for Commission Review"—appealing Commissioner Barden's order to an appellate panel.

A member of the commission's staff issued a Form 31—"Briefing Schedule and Appellate Hearing"—setting the due date for Proffitt's brief as January 16, 2018.[1] After Proffitt failed to file his brief by January 16, the "judicial director" of the commission dismissed the appeal by administrative order pursuant to regulation 67-705(H)(3) of the South Carolina Code of Regulations (2012). Proffitt then filed a "Motion to Reinstate" the appeal arguing his calendaring mistake constituted "good cause." *See* S.C. Code Ann. Regs. 67-705(H)(4) ("An appeal administratively dismissed . . . may be reinstated for a good cause . . . ."). In the motion, Proffitt admitted he had not calendared the deadline correctly and explained he thus wrongly believed the due date for filing his brief was January 31. He apologized to the commission for the delay. A commissioner denied Proffitt's motion without

_____

[1] The Form 31 listed the filing date for Proffitt's brief as January 14, 2018. However, January 14 was a Sunday and January 15 was a holiday. Therefore, the actual filing deadline was January 16, 2018.

explanation.  The same commissioner later denied Proffitt's "Motion for Rehearing," again without any explanation.

The court of appeals affirmed in an unpublished opinion.  *Morris v. BB&T Corp.*, Op. No. 2020-UP-235 (S.C. Ct. App. *withdrawn, substituted, and refiled* Nov. 4, 2020).  We granted Proffitt's petition for a writ of certiorari to review the court of appeals' decision.  We reverse.

We cannot better explain our reasoning for reversal than the court of appeals itself explained in a different case, decided approximately a year after it decided this case.  *See Jordan v. Hartford Fin. Grp., Inc.*, 435 S.C. 501, 868 S.E.2d 400 (Ct. App. 2021) (explaining "the commission's summary denial of [a] motion to reinstate without rational analysis of the good cause standard was arbitrary and an abuse of discretion," 435 S.C. at 507, 868 S.E.2d at 403, and reinstating the appeal).  At oral argument before this Court, Justices questioned counsel for the commission as to how *Jordan* does not resolve the question before us here.  Counsel responded by arguing the commission made a discretionary decision and this Court should defer to the commission's decision.  We publish this decision to clarify that no court is entitled to the deference associated with the discretion standard of review until that court has earned deference by fulfilling the responsibility of exercising its discretion according to law.

Appellate courts apply the "discretion" standard to review decisions trial courts make on procedural questions such as the one at issue in this case, decisions to admit or exclude evidence, and other decisions.  *See, e.g., Trotter v. Trane Coil Facility*, 393 S.C. 637, 645, 650, 714 S.E.2d 289, 293, 295 (2011) (applying the "discretion" standard in reviewing the workers' compensation commission's procedural decisions); *State v. Gibbs*, Op. No. 28215 (S.C. Sup. Ct. filed Jan. 4, 2023) (Howard Adv. Sh. No. 1 at 12, 18-20) (explaining the type of thorough trial court analysis that warrants our applying the "discretion" standard to evidentiary rulings); *Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018) (reiterating the "discretion" standard is applied when reviewing procedural or evidentiary rulings by a family court); *Kovach v. Whitley*, 437 S.C. 261, 263, 878 S.E.2d 863, 864 (2022) (applying the "discretion" standard when reviewing a trial court's imposition of sanctions).  When the commission actually exercises discretion in making a procedural decision such as this one, the Administrative Procedures Act requires we defer to that exercise of discretion.  *See* S.C. Code Ann. § 1-23-380(5) (Supp. 2022) ("The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . (f) . . . characterized by abuse of discretion or clearly

unwarranted exercise of discretion.").  The law requires we defer to the exercise of discretion by any trial-level tribunal when making a procedural decision.  *See* 5 C.J.S. *Appeal and Error* § 924 (2019) ("The disposition of procedural matters is reviewed for abuse of discretion.").  We disagree the commission is entitled to any deference in this case, however, because there is no indication the commission actually exercised its discretion.  *See State v. Hawes*, 411 S.C. 188, 191, 767 S.E.2d 707, 708 (2015) ("A failure to exercise discretion amounts to an abuse of that discretion." (quoting *Samples v. Mitchell*, 329 S.C. 105, 112, 495 S.E.2d 213, 216 (Ct. App. 1997))); *Fontaine v. Peitz*, 291 S.C. 536, 538, 354 S.E.2d 565, 566 (1987) ("When the trial judge is vested with discretion, but his ruling reveals no discretion was, in fact, exercised, an error of law has occurred.").

The exercise of discretion is not to simply make a decision.  The *exercise* of discretion requires first that the trial court recognize it has the responsibility of discretion.  *See Jordan*, 435 S.C. at 505, 868 S.E.2d at 402 ("We cannot determine if the commission recognized it had the discretion . . . ."); *Lunneborg v. My Fun Life*, 421 P.3d 187, 194 (Id. 2018) (stating one of the "essential" considerations for reviewing a discretionary decision is "[w]hether the trial court . . . correctly perceived the issue as one of discretion"); *Johnson v. United States*, 398 A.2d 354, 367 (D.C.1979) ("[R]eversal should follow if . . . the trial court did not recognize its capacity to exercise discretion . . . .").[2]  The exercise of discretion is then to follow a thought process that begins with the trial court's clear understanding of the applicable law, continues with the court's sound analysis of the situation before it in light of the law, and ends with the trial court's ruling that follows the law and is supported by the facts and circumstances.  *See* 435 S.C. at 505, 868 S.E.2d at 402 ("The American tradition of rule of law has recognized from its earliest days that a 'motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" (citation omitted)).  The trial court's recognition of its responsibility to exercise discretion will be apparent when the record indicates the court followed such a thought process.  Thus, when a trial court's—or the commission's—thought process of applying sound principles of law to the court's view of the facts and circumstances is evident in the record of proceedings in a hearing, in a written order, or otherwise, the appellate court will defer to the trial court's exercise of discretion, even when the judges on the appellate court might have made the decision differently.

---

[2] *See also* 5 C.J.S. *Appeal and Error* § 826 (2022) ("The grounds for appellate review include the lower court's . . . erroneous belief that no such discretion exists, [or] not recognizing its capacity to exercise discretion . . . .").

In this case, the commission's initial decision to dismiss the appeal required no explanation. The Form 31 set a clear due date for Proffitt's brief, and Proffitt clearly failed to file the brief in time. Regulation 67-705(H)(3) specifically permits the commission in that circumstance to "issu[e] an administrative order dismissing the appeal." The commission's decision first to refuse to reinstate the appeal, however, and then its decision to deny reconsideration, are different. Regulation 67-705(H)(4) requires the commission to soundly apply the principle of "good cause" to the facts and circumstances before it. This "thought process" requires analysis, and the "discretion" standard we employ for reviewing the commission's analysis requires the analysis be explained.

Because the commission offered no explanation for its decision, we find the commission did not act within its discretion in refusing to reinstate Proffitt's appeal. The failure to accurately calendar a filing deadline will not constitute good cause for reinstating an appeal in every instance. We have reviewed the record in this case, however, and we find Proffitt demonstrated good cause. We reverse the commission's decision refusing to reinstate the appeal and remand to the appellate panel for consideration of the appeal on the merits.

**REVERSED AND REMANDED.**

**KITTREDGE, Acting Chief Justice, HEARN, J., and Acting Justices James E. Lockemy and Aphrodite K. Konduros, concur.**