**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Sebastian Dominic Kaisk, Appellant.

Appellate Case No. 2022-000181

---

Appeal From Horry County
H. Steven DeBerry, IV, Circuit Court Judge

---

Unpublished Opinion No. 2024-UP-286
Submitted May 1, 2024 – Filed July 31, 2024

---

**AFFIRMED IN PART**
**REVERSED AND REMANDED IN PART**

---

Appellate Defender Lara M. Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Melody Jane Brown, both of Columbia, for Respondent.

---

**PER CURIAM:** This is a direct appeal in a murder case. For the following reasons, we find no error by the trial court in refusing to charge self-defense and in allowing the challenged statements into evidence, but we remand the case for resentencing in

light of the fact that the firearm charge at issue allows for a consecutive or concurrent sentence.

**Self-Defense**

A trial court is bound to give a requested self-defense charge if "any evidence" exists to support each element of self-defense. *State v. Burkhart*, 350 S.C. 252, 260, 565 S.E.2d 298, 302 (2002); *State v. Wiggins*, 330 S.C. 538, 545, 500 S.E.2d 489, 493 (1998) (setting forth the elements of self-defense). Whether any evidence exists is a question of law. *State v. Williams*, 427 S.C. 246, 249, 830 S.E.2d 904, 906 (2019).

Self-defense is available only when the accused is without fault in bringing on the difficulty. *State v. Wigington*, 375 S.C. 25, 31–32, 649 S.E.2d 185, 188 (Ct. App. 2007). Here, Appellant admitted he was armed with a deadly weapon when the encounter took place between him and the victim. We have viewed the video of this encounter multiple times. The footage shows Appellant initiating a physical confrontation with the victim and Appellant advancing on the victim not once, but twice.

It is true that an aggressor's right to self-defense can be restored if the aggressor "withdraws in good faith from the conflict" and announces his intent to withdraw "by word or act." *State v. Bryant*, 336 S.C. 340, 345, 520 S.E.2d 319, 322 (1999) (citations omitted). Here, however, there is no evidence to suggest that Appellant attempted to withdraw from his initial assault against the victim such that the availability of a self-defense instruction would have been restored. On top of that, and as noted above, the video of this encounter shows Appellant advancing on the victim multiple times. Self-defense also requires some evidence that the defendant had no other means of avoiding danger than to act as he did. *Id.* The video reveals ample opportunity for Appellant to flee the situation.

We have also carefully considered the recorded statement Appellant made to the police after his arrest. Appellant stated that the victim tried to throw him to the ground and get on top of him, that he tried to protect himself, that he may have accidently fired his weapon, that "it wasn't even supposed to go that far," and that the shooting "really was self-defense." Even if we take Appellant's statement to mean that he acted in fear for his life or in fear of serious bodily injury, we cannot say that the video evidence shows he was "actually" in such danger or that "a reasonable person of ordinary firmness would have entertained the same belief." *State v. Dickey*, 394 S.C. 491, 499, 501–02, 716 S.E.2d 97, 101, 102 (2011).

**Appellant's Statement**

We find no error in the trial court's reading of *State v. Liverman*, 386 S.C. 223, 687 S.E.2d 70 (Ct. App. 2009) and the court's denial of a request to redact Appellant's comment regarding "his official G's" from the video Appellant recorded on his cell phone. The video appeared to show the victim pleading for his life and was relevant evidence supporting the State's case. There was no testimony explaining the challenged portion of Appellant's statement as any sort of reference to gang activity. In fact, the State never referenced gang activity in any part of the case and there was no discussion of what an "official G" was or could be inferred to mean.

We do not know how the trial court would have viewed the "probative versus prejudicial" evaluation that Rule 403, SCRE, requires. The court did not perform this balancing on the record. Still, this does not warrant reversal. First, the trial court was not asked to conduct the Rule 403 balancing on the record. Appellant argued the language in question was an obvious reference to gang affiliation, more prejudicial than probative, and cited *Liverman*. After the trial court ruled *Liverman* was distinguishable, Appellant asked for a limiting instruction and the court granted the request. Second, and as already noted, there was no testimony explaining the challenged portion of Appellant's statement as any sort of reference to gang activity. Even if we assumed it was error to not redact these words, the error would plainly be harmless. *See State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006) ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result.").

**Consecutive Sentences**

When a defendant is found guilty of possessing a deadly weapon in furtherance of a violent crime, the trial court must impose a five-year sentence in addition to any sentence rendered for the principal crime. S.C. Code Ann. § 16-23-490(A) (2015). This sentence, however, may be imposed to run either consecutively or concurrently. S.C. Code Ann. § 16-23-490(B) (2015). The parties here do not dispute that the trial court was not aware both types of sentences were allowed.

Our supreme court recently modified the rule concerning unpreserved sentencing errors and held:

> [W]hen a trial court imposes what the State concedes is an illegal sentence, the appellate court may correct that sentence on direct appeal or remand the issue to the trial court even if the defendant did not object

to the sentence at trial *and even if there is no real threat of incarceration beyond the limits of a legal sentence.*

*State v. Plumer*, 439 S.C. 346, 351, 887 S.E.2d 134, 137 (2023) (emphasis added). It was legal error for the trial court to rely on an erroneous interpretation of section 16-23-490. *See, e.g.*, *State v. Hawes*, 411 S.C. 188, 191, 767 S.E.2d 707, 708 (2015) (finding legal error when the trial court relied on a previous version of a statute and believed its discretion was limited). Where, as here, the statute grants discretion to the trial judge, the judge "must exercise [that] discretion based on the evidence presented . . . ." *Id.* Appellant's sentence on the firearm charge is therefore remanded to the trial court for consideration consistent with this opinion.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.